UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SYLVESTER BOSTON SR.,

    Defendant.

Case No. 14-20383

Honorable Nancy G. Edmunds

_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR APPOINTMENT OF FEDERAL DEFENDER AND DENYING
COMPASSIONATE RELEASE [408]**

Defendant Sylvester Boston Sr. is currently in the custody of the Federal Bureau of Prisons at FCI Morgantown in Morgantown, West Virginia. The matter is before the Court on Defendant's *pro se* motion for appointment of a federal defender and for compassionate release. (ECF No. 408.) The government opposes Defendant's request and argues Defendant is not eligible for early release based upon a consideration of the 18 U.S.C. § 3553(a) factors. (ECF No. 415.) The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motion.

**I.    Background**

Defendant and his son operated a sophisticated ecstasy pill manufacturing and distribution business out of S&B Computers, a computer store they used as a front to disguise their criminal activity. For years, the pair illegally imported pill presses and a controlled substance (BZP) to manufacture tens of thousands of pills which were then sold concealed in potato chip bags. They protected their drug operation with firearms they

strategically placed throughout S&B Computers including in the ceiling tiles directly outside the pill manufacturing room. Defendant also brokered the sale of heroin from S&B Computers and sold, or attempted to sell, large assault rifles and other firearms. On one occasion, Defendant sold a MAC-11 9mm sub-compact machine gun to a confidential informant for $1,000. He also tried to sell additional weapons including an AR-15 assault rifle and an AK-47. According to the Government, the evidence against Defendant was overwhelming. (ECF No. 415.)

On May 17, 2016, Defendant pleaded guilty to two of the ten counts against him. (ECF No. 204.) The Court found the applicable guideline range for sentencing to be between 188 and 235 months imprisonment, but took Defendant's age, health, and military service into account and executed a downward variance. On August 23, 2017, the Court sentenced Defendant to 96 months imprisonment to be followed by a three-year term of supervised release. (ECF No. 310.) Defendant began serving his prison sentence on November 15, 2017 and has served just over three years of his eight-year sentence. He is currently incarcerated at FCI Morgantown where the Bureau of Prisons reports 14 active cases of COVID-19 among inmates, 5 cases among staff, and 245 total recoveries. *See COVID-19 Cases*, Federal Bureau of Prisons (last updated Feb. 9, 2021), https://perma.cc/WXA9-73W9.

On July 8, 2020, Defendant requested compassionate release from the warden of FCI Morgantown on account of his type 2 diabetes, sleep apnea, morbid obesity, congestive heart failure and chronic kidney disease coupled with the threat of infection from the COVID-19 pandemic. That request was denied on July 21, 2020. (ECF No. 408.) On August 17, 2020, Defendant filed the present motion in which he states his numerous

2

health conditions and the unavoidable circumstances of imprisonment put him at a greater risk of contracting COVID-19 and experiencing severe illness or death. Defendant therefore requests the appointment of a public defender to assist him in requesting relief from this Court. (*Id.*)

II. **Analysis**

A. **Compassionate Release**

The "compassionate release" provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons when there are "extraordinary and compelling" reasons to do so. *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). Historically, only the Director of the Bureau of Prisons could bring such a motion, but this changed with the passage of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020). An inmate may now bring a compassionate release motion on his own behalf once he exhausts any administrative remedies or 30 days after requesting relief from the Bureau of Prisons. *Id.* at 1004 (citing *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020)).

The Sixth Circuit has instructed district courts to engage in the following three-step analysis when considering a compassionate-release motion: *First*, consider whether "extraordinary and compelling reasons warrant [a sentence] reduction." *United States v. Elias*, 984 F.3d 516, 518 (quoting 18 U.S.C. § 3582(c)(1)(A)). *Second*, "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id. Third*, "consider all relevant sentencing factors listed in 18 U.S.C.

3

§ 3553(a)." *Id.* "If each of those requirements are met, the district court may reduce the term of imprisonment, but need not do so." *Id.* (quotations and citation omitted).

The policy statement referenced in step two is found in U.S.S.G. § 1B1.13 and presently only applies to motions brought by the Bureau of Prisons, not to inmate-filed motions. *Elias*, 984 F.3d at 519. Thus, when considering inmate-filed motions for compassionate release, "district courts have full discretion" to determine what reasons are "extraordinary and compelling." *Jones*, 980 F.3d at 1111.

Here, the Government concedes that Defendant properly exhausted his administrative remedies. (ECF No. 415 at 12.) The Government also agrees that Defendant's numerous health conditions meet the criteria necessary to establish eligibility for compassionate release. (*Id.* at 16.) Nonetheless, the Government maintains that Defendant's request for early release should be denied based upon a consideration of the 18 U.S.C. § 3553(a) factors. The Court agrees.

A Court's determination that the 18 U.S.C. § 3553(a) factors do not support relief is an independent basis for denying compassionate release. *Ruffin*, 978 F.3d at 1001. These factors require consideration of a defendant's history and characteristics, the nature and circumstances of the offense, the seriousness of the offense, and the need to promote respect for the law and provide just punishment, among other things. *See* 18 U.S.C. § 3553(a). Concerning Defendant's history and characteristics, the Court notes that Defendant is a veteran of the United States Army. He has a history of legitimate employment and, before his conviction in this case, he had been in little trouble with the law and had never served a term of incarceration. The Court took these facts into consideration at the time of Defendant's original sentencing and determined that a

downward variance from the sentencing guidelines was appropriate. (See ECF No. 311.) Indeed, Defendant faced the possibility of over 19 years imprisonment under the applicable sentencing guidelines but received a sentence amounting to less than half of that time. That sentence remains appropriate today despite the COVID-19 pandemic and Defendant's age and health concerns.

Defendant's crimes in this case were both serious and sophisticated. They involved the manufacture and distribution of tens of thousands of pills from behind the front of what appeared to be a legitimate computer business. Defendant also brokered several large heroin transactions and sold to a confidential informant a sub-compact machine gun that Defendant claimed was fully automatic. A mere three years imprisonment on these charges would not promote respect for the law nor would it provide just punishment to Defendant. Accordingly, Defendant's health in the context of the COVID-19 pandemic, although concerning, is not sufficient to alter the weighing of the sentencing factors in any significant way and compassionate release is not appropriate.

### B. Appointment of Counsel

The Court also declines Defendant's request to appoint counsel to assist him in requesting relief. The Supreme Court has held that a prisoner's post-conviction right to counsel extends only to his first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the discretion of the court, and appointed counsel is only deemed necessary where the interests of justice or due process are implicated. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Appointment of counsel is therefore appropriate only if, given the difficulty of the case and the defendant's ability, the defendant could not obtain justice without an attorney, he could

not obtain a lawyer on his own, and the assistance of counsel would provide him with a reasonable chance of winning. *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Defendant has not demonstrated that appointment of counsel is appropriate in this case. His motion for compassionate release does not involve complex facts or legal doctrines that would prevent Defendant from effectively bringing the claim on his own behalf. The Court is familiar with the facts and circumstances of Defendant's case and the present motion provides all that is necessary in terms of evidence of exhaustion and Defendant's health. Therefore, Defendant's motion for appointment of counsel is denied.

### III. Conclusion

Based upon the foregoing, Defendant's motion is DENIED.

SO ORDERED.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Court Judge

Dated: February 16, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 16, 2021, by electronic and/or ordinary mail.

s/ Lisa C. Bartlett
Case Manager